UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-11-204-1 |
| | § | (CIVIL ACTION NO. 11-328) |
| CHARLES DANIEL DEARING JR. | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Charles Daniel Dearing, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 73. For the reasons stated herein, the § 2255 motion is denied and Dearing is denied a certificate of appealability.

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. BACKGROUND

Dearing was arrested on February 2, 2011, after agents from Homeland Security noticed a truck and empty boat trailer at Marker 37 parking lot near Corpus Christi, Texas. The weather that day was near freezing with strong winds. No other vehicles were in the parking lot and no other boats were out on the water. The agents checked the license plates for the truck and trailer and determined that the truck had previously been seized in 2009 at a checkpoint for involvement in narcotics smuggling. D.E. 1. While the agents were at the parking lot and boat ramp, they saw two men in a Jon boat who appeared to be planning to dock at the boat ramp. The agents yelled for the boat to dock, but when Dearing saw the agents, he turned the boat away from the boat ramp and fled. D.E. 1. Agents later spotted and intercepted the boat which no longer had 2 plastic cases in it that were present originally. Dearing and his passenger Mario Garcia-Chavez were arrested. After a search, the agents located the plastic cases on a nearby

spoil island. The cases were locked. A key found in Dearing's pocket fit the padlocks to the cases. The agents found approximately 53.8 kilograms of marijuana in the two cases. Id. Both men were arrested for possession with intent to deliver a Schedule I controlled substance, marijuana. Id.

Dearing was brought to Court the day following his arrest. He was appointed counsel at that time. D.E. 5. Dearing appeared for the Preliminary Examination & Detention hearing, but was denied bond. D.E. 8. Both defendants were indicted on February 23, 2011, and charged with conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(B)(1)(C) and possession with intent to distribute the same drugs in violation of 21 U.S.C. §§ 841(a)(1), and 841(B)(1)(C). Dearing and Garcia-Chavez were arraigned on February 25, 2011.

In March, Dearing pled guilty pursuant to a plea agreement with the government. D.E. 22. At rearraignment, Dearing testified that he had two years of college education, he had communicated with counsel, and was satisfied with the advice and efforts of his attorney. D.E. 81 at 7-8, 13. Dearing testified that he understood the charges against him and had discussed them with his attorney. Id. at 16. Dearing was advised of his trial rights (Id. at 17-18), the elements of the offense (Id. at 16), the terms of his plea agreement (Id. at 20-22), the maximum punishment,[1] potential relevant conduct and enhancements (Id. at 27-28, 31-32), as well as the

---

[1] 
```
9  THE COURT: I'm going to go over with you the maximum
10 possible punishment that can be assessed against you for
11 entering a guilty plea here today.
12 For Mr. Garcia, Ms. (sic) Gonzalez and Ms. Sifuentes,
13 could be imprisoned up to five years; Mr. Dearing, up to twenty
14 years. For all of you, plus a fine of up to $250,000. For
15 Mr. Dearing, Mr. Gonzalez and Ms. Sifuentes, at least two years
16 supervised release that can last the rest of your life. And
17 for Mr. Garcia, up to three years supervised release. And for
18 each of you, $100 special assessment.
```

process of sentencing. Dearing testified he understood and that he had not been promised leniency, a downward departure, or anything other than as stated in the plea agreement in exchange for his guilty plea. Id. at 22.

The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 23. The PSR was prepared and calculated Dearing's base offense level at 20, based upon a drug quantity of 53.42 kilograms of marijuana. D.E. 39 at ¶ 31. Two additional points were added for obstruction of justice, based upon Dearing's failure to dock at Marker 37 and off-loading the marijuana. Id. at ¶¶ 4, 16. Dearing was given credit for acceptance of responsibility for a total offense level of 19. Id. at ¶ 21.

The Probation Department calculated Dearing's criminal history to be 6 points, resulting in criminal history category III. Id. at ¶¶ 23-31. Dearing's guideline range was calculated to be 37-46 months. Id. at ¶ 46. Dearing filed objections to the PSR. D.E. 42. He objected to the obstruction of justice points and to other factual information in the PSR. Id.

Dearing testified at the trial of his co-defendant. D.E. 65 at 56-122. After trial and before sentencing, Dearing's counsel filed a motion requesting that Dearing be moved to a different facility from Garcia-Chavez due to threats by Garcia-Chavez and an assault on Dearing by others that occurred before and during trial. D.E. 37. Dearing was transferred and his sentencing was rescheduled to a different date than his co-defendant's sentencing. D.E. 38.

---

      19 Do you understand that, Mr. Garcia?
      20 DEFENDANT GARCIA: Yes, ma'am.
      21 THE COURT: Mr. Dearing?
      22 DEFENDANT DEARING: Yes, ma'am.
        *    *    *    *
      4 $1 million, Your Honor.
      5 THE COURT: I'm sorry. Mr. Dearing, your fine is
      6 $1 million, instead of 250,000. Do you understand that?
      7 DEFENDANT DEARING: Yes, ma'am.
Id. at 23-24, 25.

At sentencing, Dearing confirmed that he had seen the PSR, had it for 35 days, had gone over it with his attorney who answered all of his questions, and he was satisfied with the efforts and advice of his attorney. D.E. 82 at 3-4. The Court heard Dearing's objection to obstruction of justice and overruled the objection. Id. at 5-6. The government moved for a downward departure from the guideline range. Id. at 7-8. During sentencing, Dearing did not mention threats, injury to himself, or other conduct by his co-defendant that occurred during or after trial. The Court sentenced Dearing to 20 months in the Bureau of Prisons, three years supervised release, no fine and $100 in special assessments. Id. at 9. Dearing was advised of his right to appeal. Id. at 10. Judgment was entered on the docket on June 14, 2011. D.E. 51.

Dearing did not appeal, but filed his timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 73.

### III. MOVANT'S CLAIMS

Dearing urges several grounds on which he claims his conviction or sentence should be vacated, set aside or corrected on grounds that the prosecutor, 1) "violated Dearing's 4th and 5th Amendment rights" relating to the prosecutor's failure to make appropriate security arrangements, 2) "suppressed and misrepresented inculpatory testimony common to petitioner's and co-defendant's trial" and "failed to disclose evidence or exculpatory testimony to defense in the prosecutor's case files or in possession of the agencies that investigated the offense," 3) filed a defective indictment which violated Dearing's constitutional rights, and 4) filed a defective charging instrument which lists marijuana as a Schedule I controlled substance when marijuana is legally prescribed for medical use in 16 states and should be handled as a state issue. Included within this last issue is a claim that the prosecutor took Dearing's property using threats. D.E. 73.

The government argues that Dearing's claims are procedurally barred and are without merit. D.E. 86 at 5. Dearing filed a Reply in which he claims that his property was stolen by the government as a result of prosecutorial misconduct. D.E. 87.

### IV.  ANALYSIS

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.  Dearing Has Not Demonstrated Cause or Prejudice**

Dearing's multiple claims of prosecutorial misconduct have not been brought to this Court previously and were not raised on appeal.

As to Dearing's claim that he was threatened by his co-defendant during and after the trial, and injured by others at his co-defendant's urging, although Dearing's counsel filed a motion to separate Dearing from his co-defendant, which the Court granted, Dearing did not request relief other than separation or otherwise raise his current claim in this Court before sentencing. Nor did Dearing develop the facts related to this claim at the time these events occurred. Because the facts were known to him, as outlined in his Affidavit and his counsel's motion, D.E. 37, 73-1, Dearing has not established cause for his failure to bring this claim of prosecutorial violations of his rights to the Court's attention before now.

Dearing next claims that the prosecutor suppressed and misrepresented inculpatory testimony common to him and to his co-defendant and claims the prosecutor failed to disclose evidence or exculpatory testimony to the defense. For both claims, he relies his own Affidavit in which Dearing claims that he allegedly told the prosecutor that he was a certified police officer for the State of Texas, that he was employed by U.S. Customs, that he previously flew marijuana for high-level government officials while he was a customs agent, that the marijuana he was arrested with came from U.S. Customs, and the padlock keys were planted on him by the arresting officer. D.E. 73-1 at 3. None of these alleged facts, other than Dearing's employment as a City of Houston police officer from 1969 to 1976,[2] are corroborated or appear in the PSR which is based upon Dearing's statements to the Probation Department and other records. At sentencing, Dearing agreed that the PSR was correct other than related to his alleged aliases. The facts Dearing alleges that the prosecutor suppressed were all within Dearing's knowledge at the time of his plea and sentencing. Dearing has not established cause for his failure to bring these

---

[2] Dearing resigned from the Houston Police Department after he was arrested in Dade County, Florida for possession of explosives. D.E. 39 at ¶ 39.

alleged facts to the Court's attention and does not state how the prosecutor's alleged failure to reveal these facts harmed him.

Dearing's final claims are that the indictment is defective on two grounds, first, because the conspiracy charged did not state a criminal act because it did not allege any overt act, and second, because it listed marijuana as a Schedule I controlled substance when Dearing claims possession of marijuana is a state issue. Both of these issues should have been raised in this Court and on direct appeal, but were not. Dearing has not shown cause for his failure to previously raise them

Within Dearing's claim that the indictment is defective, Dearing claims that the government seized his personal property which he describes as a threat demanding a bribe, which Dearing also claims violated his plea agreement with the government. He contends there was no evidence linking his truck, boat and trailer to his offense and claims the government seized them. In support, Dearing attaches email correspondence from an Assistant U.S. Attorney regarding civil forfeiture proceedings involving property that was seized from Dearing at the time of his arrest. The AUSA requests that Dearing, as part of his cooperation agreement with the government, withdraw his administrative claim to the property. D.E. 73-1 at 4. The correspondence from Dearing's FPD counsel states that the forfeiture proceedings were not part of the plea negotiations. In his letter to Dearing, Dearing's FPD counsel forwards the email from the Assistant U.S. Attorney. On the letter is a note to Dearing, presumably from his counsel although it is handwritten and not signed, stating, "Assistant U.S. Attorney Jeff Miller said your decision on whether to consent to the forfeiture will affect his sentencing recommendation." Id. at 10. Dearing construes this comment as a threat. All this correspondence is dated in April 2011, before sentencing in June 2011. Dearing was aware of these facts before sentencing and did not

bring them to the Court's attention. Had Dearing made a record at or before sentencing of the alleged threat, he could have sought relief from this Court or raised the issue on appeal. He did neither.

Dearing's failure to bring any of these claims to the attention of this Court or raise them on direct appeal bars relief now. Dearing's claims are procedurally defaulted and may not be considered. See Pierce, 959 F.2d at 1301 (a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dearing has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Dearing is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Dearing's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.73) is DENIED as procedurally barred. He is also denied a Certificate of Appealability.

SIGNED and ORDERED this 9th day of July, 2012.

_____
Janis Graham Jack
Senior United States District Judge